FILED by DR D.C.
ELECTRONIC
August. 31, 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
for the
Southern District of Florida

GEORGE LONGMORE )
        Plaintiff. )  **12-61708-Civ-Zloch/Otazo-Reyes**
)
)  Case No _____
)
vs. )
)
)
WELLS FARGO HOME MORTGAGE )
        Defendant. )  Trial By Jury Demanded
)
)

## COMPLAINT FOR VIOLATION OF THE FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is GEORGE LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is WELLS FARGO HOME MORTGAGE, (hereinafter "Defendant") who conducts business in Broward County, FL. and has offices at 4101 Wiseman Blvd., San Antonio, TX.78251and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly uses the mail and telephone in a business which the principal purpose is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

9. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff resides in Broward County, FL.

10. Venue is proper in the Southern District of Florida.

## FACTUAL ALLEGATIONS

11. On January 24, 2007 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On December 1, 2011 Plaintiff received a notice from Defendant that the "debt" was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff and on January 20, 2012 Defendant would commence to seek collection from Plaintiff an

alleged "debt" arising from transactions incurred for personal, family or household purposes.

13. On January 30, 2012 Defendant received USPS Certified Letter # 7006 3450 0002 8743 3039 know as a " Qualified Written Request" (QWR) which requested a complete payment history; a breakdown of amount of claimed arrears of delinquencies; an explanation of what is meant by assignment, sale, or transfer. Plaintiff also requested a copy of any and all assignments of mortgage, proof of sale, proof of transfer and to whom. This letter specifically requested that Defendant **NOT** call Plaintiffs home, place of business or his cell phone.

14. After an initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

16. On July 3, 2012 Plaintiff filed an "Affidavit of Fact" in Broward County Public Records stating the lack of assignment of mortgage to Defendant.

17. On July 31, 2012 Defendant received USPS Certified Letter # 7012 1010 0000 4421 8193 which was a second "QWR" sent by Plaintiff.

18. After an initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

19. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

20. On August 6, 2012 Defendant received USPS Certified Letter # 7012 1010 0000 4421 1316 known as a "NOTICE OF DISPUTE" which disputed the amount that is allegedly owed and requested the following information: When will Plaintiff be receiving a Notice of Assignment of the mortgage? Where is the Assignment of Mortgage recorded? Who is the Note holder at this time? Who was the previous Note holder? When should Plaintiff be receiving a Notice of Assignment of the Mortgage from the previous servicer? This letter specifically requested that Defendant **NOT** call Plaintiffs home, place of business or his cell phone.

21. After an initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

22. Defendant has failed to provide any documentation detailing when Plaintiff will be receiving a Notice of Assignment of Mortgage, where the Assignment of Mortgage is

recorded, who the Note holder is at this time and when he should expect a Notice of Assignment of the Mortgage from the previous servicer.

23. On August 14, 2012 Defendant sent a physical representative to Plaintiffs home and left a " Confidential" note on his door to contact Defendant at 1 (800) 282 3451.

## COLLECTION CALLS

24. From January 20, 2012 Defendant (Wells Fargo Home Mortgage) called Plaintiff (George Longmore) at his home no less than 200 times in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

25. During several of these calls, Defendant left voicemails on Plaintiff's answering machine, and failed to identify themselves as a debt collector.

26. From January 20, 2012 Defendant (Wells Fargo Home Mortgage) called Plaintiff (George Longmore) on his cell phone no less than 3 times.

## SUMMARY

27. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant , were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

a)  15 U.S.C. § 1692e of the FDCPA by using false, deceptive and misleading misrepresentations with the collection of any debt.

b)  Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using deceptive and misleading means in an attempt to collect a debt.

c)  Defendant violated 15 U.S.C § 1692d(6) of the FDCPA by failing to meaningfully disclose their identity when leaving voicemails.

28. During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d)6, and 1692 U.S.C. § 1692e(11), amongst others.

29. The above –detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above – mentioned provisions of the FDCPA.

CAUSES OF ACTION

COUNT 1

VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above – cited provisions of FDCPA, 15 U.S.C. § 1692 et seq.

32. As a result of the Defendants violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C § 1692k(a)(2)(a); and, reasonable attorneys' fees and cost pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. Defendant failed to disclose in the telephone message that it is a debt collector in violation of 15 U.S.C. § 1692e (11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of

Defendant's communications in the telephone messages in violation of 15 U.S.C. § 1692d(6).

## COUNT 4

## FAILURE TO SEND WRITTEN NOTICE WITHIN 5 DAYS OF INITIAL COMMUNICATION

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. Defendant failed to send written notification within 5 days of its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt in violation of 15 U.S.C § 1692g

## COUNT 5

## HARRASSMENT OR ABUSE

39. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

40. Defendant placed no less than 200 telephone calls to Plaintiff. The above – detailed conduct by this Defendant's communications in an attempt to collect a debt is in violation of 15 U.S.C § 1692 d(5)

## COUNT 6

## HARRASSMENT OR ABUSE

41. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

42. Defendant and collection employee employed by Defendant arrived at Plaintiff's home and left a written communication to contact Defendant. The above – detailed conduct by this Defendant's communications in an attempt to collect a debt is in violation of 15 U.S.C 1692 d.

WHEREFORE, Plaintiff request that judgment be entered against the Defendant for:

A) Damages and

B) Attorneys' fees and cost.

## REQUEST FOR JURY

43. Plaintiff is entitled and hereby request a trial by jury

Dated: Aug 31, 2012

respectfully submitted,

George Longmore